UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SHAUN COCHRANE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:18-CV-309-RLM-MGG |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Shaun Cochrane, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (ISP 18-01-277) where a hearing officer found him guilty of possessing a weapon in violation of Indiana Department of Correction policy A-106. ECF 1 at 1. Mr. Cochrane was sanctioned with the loss of 73 days earned credit time. *Id.* The Warden has filed the administrative record. Mr. Cochrane hasn't filed a traverse and the time for doing so has passed, so this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the

disciplinary action. Wolff v. McDonnell, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. Superintendent, Mass Corr Inst. v. Hill, 472 U.S. 445, 455 (1985).

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Supt. v. Hill, 472 U.S. at 455-456. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Mr. Cochrane was found guilty of violating IDOC offense A-106, which prohibits "[p]ossession or use of any explosive, ammunition, hazardous chemical (e.g., acids or corrosive agents) or dangerous or deadly weapon." Indiana

Department of Correction, Adult Disciplinary Process: Appendix I. *See* http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

> The conduct report charged Mr. Cochrane as follows:
>
> On 1-25-18 I Officer R. Cuevas and Officer R. Dunlap shook [down] offender Cochrane (DOC 259784 cell location CCH 3202) at approximately at 12:20[. W]hile shaking him down I officer R. Cuevas found a sharp pointed metal object under the cabinet of offender Cochrane (259784). The weapon appears to come off of a blue metal cabinet.

ECF 7-1 at 1. The sharpened metal object was confiscated, photographed, and stored in an evidence locker. Officer Dunlap also provided a written statement: "On 1/25/18 at approximately 12:20 pm I officer R. Dunlap assisted ofc. R. Cuevas in shaking down offender Cochrane #259784 Cell CE 320. Where ofc. Cuevas found what was made to be a homemade knife under his blue metal cabinet." ECF 7-3 at 1.

Mr. Cochrane was notified on January 30, 2019 of the A-106 charge and served with a copy of the conduct and screening reports. Mr. Cochrane ask for, and received, a lay advocate. He didn't request any witnesses but he did request the cell inspection sheet.

Mr. Cochran's hearing was held on February 2, 2018. He pleaded not guilty and made the following statement: "I don't need a knife. I have no enemies. It wasn't mine. I have no idea it was in my room." On the basis of Officer R. Cuevas's conduct report, Officer Dunlap's statement, the incident report, the evidence record, photographs of the sharpened metal object, the cell inspection sheet, the

location of the object in the cell, and the offender's statement, the hearing officer found Mr. Cochrane guilty of violating offense A-106, and sanctioned him with a loss of 73 days earned credit time. *Id.*

Mr. Cochrane asserts two grounds for habeas corpus relief. First, he argues that his due process rights were violated because there are two evidence records in this case, which each contain different information. Mr. Cochrane hasn't met the exhaustion requirement contained in 28 U.S.C. § 2254(b), as to this issue. To have exhausted his administrative remedies, Mr. Cochrane must have, but did not, properly presented the issue at each administrative level. Moffat v. Broyles, 288 F.3d 978, 981-982 (7th Cir. 2002). Notwithstanding his failure to exhaust, the court can deny the claim on the merits. *See* 28 U.S.C. § 2254(b)(2) ("[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Turning to the merits of his claim, Mr. Cochrane argues that the two evidence records in this case contain different information. One evidence record, he points out, is completely filled out and has two signatures, while the other evidence record has information missing in blocks 10, 11, 12, 13, and 14, and only has one signature. The court's review of the evidence records shows that the two records are nearly identical with a few minor exceptions: one record contains a case number and block number 14 contains the initials of the individual who

4

received the evidence; the other record doesn't list that information. Oone record appears to have information listed on the second line of block numbers 10, 11, 12, and 13, whereas the other record doesn't appear to have that same information. Mr. Cochran hasn't alleged that these inconsequential discrepancies in the information listed on the evidence records caused him harm or affected the outcome of his proceeding. Because he hasn't shown that he was in some way prejudiced, the discrepancies on the evidence records didn't deprive Mr. Cochrane of his due process rights and simply constitute harmless error. *See* Piggie v. Cotton, 344 F.3d 674, 678 (7th Cir. 2003). Mr. Cochrane's first ground doesn't identify a basis for granting habeas corpus relief.

Second, Mr. Cochrane asserts that there was insufficient evidence for the hearing officer to him guilty. A conduct report alone can be enough to support a finding of guilt. McPherson v. McBride, 188 F.3d at 786. In the conduct report, Officer Cuevas documented that when he and Officer Dunlap conducted a shakedown of Mr. Cochrane's cell, they discovered a sharp pointed metal object—a homemade knife—under his cabinet. The sharp pointed metal object appeared to have come from a blue metal cabinet. Officer Dunlap provided a statement corroborating the discovery of the homemade knife in Mr. Cochrane's cell. Given Officer Cuevas's conduct report, coupled with Officer Dunlop's written statement, there was more than "some evidence" for the hearing officer to find Mr. Cochrane

5

guilty of violating offense A-106, because he possessed a dangerous homemade knife.

Mr. Cochrane argues there was too little evidence a guilty finding because he hadn't been housed in "that cell very long" and didn't "get a chance to look under the cabinet to make sure [his] cell was clean." ECF 1 at 2. While it is not clear from his petition, Mr. Cochrane appears to argue that he can't be held responsible for possessing the homemade knife because he had been housed in his cell for just over a month. The Department of Correction defines possession as being:

> On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control. Areas under an offender's control include, but are not limited to: the door track, window ledge, ventilation unit, plumbing and the offender's desk, cabinet/locker, shelving, storage area, bed and bedding materials in his/her housing assignment and the desk, cubicle, work station and locker in his/her work, educational or vocational assignment.

*See* The Disciplinary Code for Adult Offenders, at http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders_6-1-2015.pdf. This rule establishes that an offender has constructive possession of any item found in his living space. And the court of appeals has instructed that constructive possession constitutes "some evidence" of guilt in those situations where multiple offenders had access to the place where a contraband item was found. *See* Hamilton v.

O'Leary, 976 F.2d 341, 345 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created a twenty-five percent chance of guilt supporting disciplinary action).

Under Department of Correction policy and federal court precedent, Mr. Cochrane had constructive possession of the homemade knife because Officers Cuevas and Dunlop found the knife in the cabinet in his cell. Hamilton v. O'Leary, 976 F.2d at 345. There is no evidence in this case to suggest that there were other offenders who had access to the homemade knife. Because the hearing officer's finding was neither arbitrary nor unreasonable in light of the facts presented in this case, Mr. Cochrane's challenge to the sufficiency of the evidence is without merit. His second ground does not provide a basis for habeas corpus relief.

Mr. Cochrane doesn't need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See* Evans v. Circuit Court, 569 F. 3d 665, 666 (7th Cir. 2009). But he can't proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case couldn't be taken in good faith.

For these reasons, the court DENIES Shaun Cochrane's petition for writ of habeas corpus and DIRECTS the clerk to close this case.

SO ORDERED on January 30, 2020

    /s/ Robert L. Miller, Jr.
    JUDGE
    UNITED STATES DISTRICT COURT